**2025 UT App 186**

### THE UTAH COURT OF APPEALS

BEAUTY LAB AND LASER LLC,
Appellee,
*v.*
MONICA N. FOWLER,
Appellant.

Opinion
No. 20241212-CA
Filed December 18, 2025

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 230906021

Larry G. Reed, Attorney for Appellant

Scarlet R. Smith, Attorney for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES GREGORY K. ORME and DAVID N. MORTENSEN concurred.

HARRIS, Judge:

¶1      Beauty Lab and Laser LLC (Beauty Lab) sued Monica N. Fowler after she failed to pay for cosmetic injections she received. Fowler then filed a counterclaim against Beauty Lab, asserting that Beauty Lab performed the injections "in a negligent, medically deficient manner." Beauty Lab later moved to dismiss the counterclaim. The district court granted that motion, concluding that the applicable limitations period was the two-year statute for medical malpractice claims and that Fowler's counterclaim was untimely because it had been filed more than two years after Beauty Lab administered the injections. Fowler now appeals the dismissal of her counterclaim, asserting that the district court applied the wrong statute of limitations. But Fowler did not make that argument to the district court, and this fact renders her appellate legal theory unpreserved for our review. On

this basis, we reject Fowler's appellate arguments and affirm the district court's dismissal of the counterclaim.

BACKGROUND

¶2    Beauty Lab bills itself as "a medical spa that, among other things, provides cosmetic services for its clients." In December 2019, Fowler hired Beauty Lab to perform a series of cosmetic injections in her nose and lips, and she agreed to pay Beauty Lab $2,499 for these services. A physician assistant employed by Beauty Lab performed the injections. On the day the services were performed, Fowler made a payment of $449. But she later refused to pay the remainder of the agreed-upon price, even after Beauty Lab made a demand for payment. In August 2023, Beauty Lab sued Fowler, asking the court to award it $2,000 in damages, plus interest, costs, and attorney fees.

¶3    A few weeks later, Fowler answered Beauty Lab's complaint and, in addition, filed a counterclaim in which she asserted that Beauty Lab performed the injections "in a negligent, medically deficient manner." She maintained that she had incurred damages by having to hire "another medical provider" to "repair the negligent, medically deficient procedures performed by Beauty Lab." She also claimed that Beauty Lab had filed its lawsuit in bad faith and "not because of the claims in the complaint" but, instead, due to "personal animosity" that certain individuals associated with Beauty Lab had toward Fowler.

¶4    Beauty Lab filed an answer to Fowler's counterclaim. Fowler then obtained leave to amend her answer and counterclaim, making several amendments not relevant here. In response to the filing of the amended counterclaim, Beauty Lab filed a motion asking the court to dismiss Fowler's counterclaim. As relevant here, Beauty Lab asserted that Fowler's claims were barred by the two-year statute of limitations found in the Utah Health Care Malpractice Act (the Act). *See* Utah Code § 78B-3-

404(1) ("A malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers . . . the injury."). Specifically, Beauty Lab argued that Fowler's claim arose from "professional medical services provided at one of [Beauty Lab's] facilities, by one of [Beauty Lab's] physician[] assistants," and that it was therefore "governed by the Act and is subject to its two-year statute of limitations."

¶5 In her memorandum in opposition to Beauty Lab's motion, Fowler did not contest Beauty Lab's assertion that the Act's two-year statute of limitations applied to her counterclaim. Instead, citing rule 12(h) of the Utah Rules of Civil Procedure, she argued that Beauty Lab had "waived" any statute-of-limitations argument "because it was not raised in" Beauty Lab's answer to Fowler's original counterclaim. In its reply memorandum, Beauty Lab pointed out that Fowler had amended her counterclaim and that Beauty Lab hadn't yet answered the amended counterclaim, and it argued that the filing of the amended counterclaim afforded Beauty Lab the chance to reset its defenses and that its statute-of-limitations defense was therefore not waived.

¶6 After the motion was fully briefed, but before the district court made a ruling on it, Fowler filed an "errata and corrigendum" to her answer and counterclaim. Essentially, Fowler asked the court for permission to delete the terms "medical" or "medically" from her answer and counterclaim, asserting that these terms had been included "based on [Beauty Lab's] misidentification as a 'med spa' on its website."

¶7 In response, and still before the district court had ruled on the motion to dismiss, Beauty Lab filed a written objection to Fowler's errata. It argued that "Fowler ha[d] filed the [e]rrata removing the term 'medical' throughout her counterclaim in . . . an effort to amend the counterclaim" in order "to circumvent" Beauty Lab's argument that Fowler had all but conceded the fact that the injections constituted medical procedures. The district

court issued an order sustaining Beauty Lab's objection, concluding that "[i]f an amended answer [was] desired, [Fowler] must file a motion and obtain" the permission of the court.

¶8      A few weeks later, the court issued a ruling granting Beauty Lab's motion to dismiss, concluding that Fowler's counterclaim was "time barred by the statute of limitations."

¶9      After that, litigation continued for several months on Beauty Lab's claims, with the district court eventually entering final judgment in favor of Beauty Lab and against Fowler in the amount of $35,853.60, including $2,000 in damages plus interest, costs, and more than $31,000 in attorney fees.

ISSUES AND STANDARD OF REVIEW

¶10      Fowler now appeals, and she challenges the district court's order granting Beauty Lab's motion to dismiss. But she does not advance the "waiver" argument she asserted before the district court. Instead, her argument is that the district court applied the wrong statute of limitations; the legal theory supporting this argument is that the injection procedures Beauty Lab performed on her did not constitute "health care" under the Act.

¶11      In response, Beauty Lab asserts that Fowler failed to preserve the legal theory she now advances on appeal. For the reasons set forth below, we agree with Beauty Lab, and therefore we need not engage with the merits of Fowler's new appellate legal theory. "When a party fails to raise and argue an issue in the [district] court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443.

ANALYSIS

¶12 "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 (cleaned up). And if an issue is unpreserved, "an appellate court will not typically reach that issue absent a valid exception to preservation." *Id.* In most civil cases, only one such exception is available: the one for exceptional circumstances. *See Turley v. Childs*, 2022 UT App 85, ¶ 32, 515 P.3d 942.

¶13 The preservation requirement is grounded in important policies and "serves as the means to two ends," *Ahhmigo, LLC v. Synergy Co. of Utah*, 2022 UT 4, ¶ 23, 506 P.3d 536, namely, "judicial economy and fairness," *Patterson v. Patterson*, 2011 UT 68, ¶ 15, 266 P.3d 828. First, the requirement "promotes judicial economy in that it, among other things, encourages parties to resolve their controversies at the trial level, allows the trial judge to correct errors at the trial level, establishes a comprehensive record for appeal, and helps alleviate the otherwise heavy burden on appellate courts." *Hillam v. Hillam*, 2024 UT App 102, ¶ 31, 554 P.3d 1137 (cleaned up). Second, "notions of fairness dictate that a party should be given an opportunity to address the alleged error in the" district court, where the party may succeed in "counter[ing] the error." *True v. Utah Dep't of Transp.*, 2018 UT App 86, ¶ 27, 427 P.3d 338 (cleaned up).

¶14 Utah appellate courts have defined "issues" "narrowly" and have emphasized "that an appellant raises a new issue when the appellant raises a legal theory entirely distinct from the legal theory the appellant raised to the district court." *Ahhmigo*, 2022 UT 4, ¶ 18 (cleaned up); *accord Lavender v. FCOI Pres., LLC*, 2025 UT App 47, ¶ 47, 569 P.3d 1037, *cert. denied*, 570 P.3d 660 (Utah 2025); *see also True*, 2018 UT App 86, ¶ 32 ("An argument based upon an entirely distinct legal theory is a new claim or issue and must be separately preserved." (cleaned up)). Indeed, we have

explained that, even if "the overarching issue . . . was before the district court" but the "distinct legal theory now advanced on appeal" was not, then that specific legal theory remains unpreserved. *True*, 2018 UT App 86, ¶ 22; *see also id.* (observing that the broader issue of causation was before the district court but nevertheless determining that the appellant's specific legal theory regarding causation was not preserved); *State v. Winter*, 2024 UT App 98, ¶ 16, 554 P.3d 355 (holding that because the appellant "made no mention" of his appellate legal theory "in his arguments to the district court" and "did not ask the district court to weigh in on" it, the appellant's theory was unpreserved (cleaned up)), *cert. denied*, 558 P.3d 88 (Utah 2024).

¶15     The legal theory Fowler advances on appeal is that the district court applied the wrong statute of limitations. Specifically, she argues that the cosmetic injections she received from Beauty Lab did not constitute "health care" as that term is defined in the Act and therefore the Act's shorter two-year limitations period does not apply here. But this is not the legal theory Fowler employed before the district court when opposing Beauty Lab's motion to dismiss. At that stage, Fowler argued simply that Beauty Lab had waived its right to make any statute-of-limitations defense because it had not included any such defense in its answer to her original counterclaim. At no point did she assert that the two-year limitations period contained in the Act did not apply here. Indeed, as framed for the district court in the briefing on Beauty Lab's motion to dismiss, both sides appeared to agree that the Act's two-year statute governed and that the only live issue for the court to decide was whether Beauty Lab had waived its right to assert the defense.

¶16     And we reject Fowler's assertion that she adequately raised this issue in her "errata and corrigendum." In that document, she simply asked for permission to delete from her answer and counterclaim all references to the words "medical" or "medically," explaining that Beauty Lab had "misidentifi[ed]"

itself "as a 'med spa' on its website." Nowhere in that document did Fowler suggest that these requested edits had statute-of-limitations implications. *See Ahhmigo*, 2022 UT 4, ¶ 22 ("A party may not preserve an issue by merely mentioning it." (cleaned up)). And—crucially—in her memorandum in opposition to Beauty Lab's motion to dismiss, Fowler made no mention of her requested edits and made no effort to link these edits to her opposition to Beauty Lab's motion. As noted, in that briefing Fowler appeared to accept Beauty Lab's premise that the Act's two-year limitations period applied to her counterclaim.

¶17    In a related context—involving efforts to oppose a motion for summary judgment—we have held that "in order to preserve legal theories for our review, a party resisting an opponent's motion must articulate those theories for the district court." *Jessup v. Five Star Franchising LLC*, 2022 UT App 86, ¶ 31, 515 P.3d 466; *see also Turley*, 2022 UT App 85, ¶ 32 ("One thing we will not do—absent extraordinary circumstances—is consider a nonmovant's defenses, counter-arguments, or *legal theories* that could have been raised in a never-filed memorandum in opposition to the motion." (emphasis added)). While these cases arose in the summary judgment context, they apply with full force here, in the context of a dispositive motion to dismiss. We clarify that, no matter the label of the dispositive motion, a nonmovant contesting such a motion must bring its specific legal theories to the attention of the district court, and if it fails to do so, those theories will not be preserved for our review in any eventual appeal.

¶18    To be sure, the question of whether Fowler's counterclaim should be dismissed on timeliness grounds was at issue and was considered by the court. But "[t]he fact that the court makes a ruling on the overarching summary judgment issue does not, by itself, preserve unmentioned theories of opposition for our review." *Jessup*, 2022 UT App 86, ¶ 31. Here, the only legal theory Fowler raised in opposition to Beauty Lab's motion to dismiss was the waiver theory, and therefore that is the only legal theory that

was preserved for our review in this appeal. Fowler has chosen not to advance that theory in this appeal, instead opting to raise a different theory, one that was *not* brought to the attention of the district court. In this situation, Fowler's new legal theory is unpreserved for our review, and Fowler does not assert that exceptional circumstances exist here that would excuse her failure to preserve it. On this basis, we decline Fowler's invitation to reach the merits of her unpreserved legal theory.

CONCLUSION

¶19   For the foregoing reasons, we decline to reach the merits of Fowler's unpreserved appellate arguments. Accordingly, we affirm the district court's order dismissing Fowler's counterclaim, and we likewise affirm the court's final judgment, which is not otherwise challenged.[1]

_____

1. Beauty Lab seeks an award of attorney fees reasonably incurred on appeal. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) ("When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (cleaned up)). Because we affirm the district court's orders, we award Beauty Lab its fees reasonably incurred on appeal, and we remand this case to the district court for the limited purpose of quantifying that award.